UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER ROBINSON, #206760,

        Petitioner,

v.                                               Civil Case No. 2:19-CV-13553
                                                Honorable Linda V. Parker

JEREMY BUSH,

        Respondent.
_____/

**<u>OPINION & ORDER DISMISSING THE PETITION FOR A WRIT OF
HABEAS CORPUS WITHOUT PREJUDICE,
DENYING A CERTIFICATE OF APPEALABILITY,
& DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

**I. INTRODUCTION**

Michigan prisoner Christopher Robinson ("Petitioner") has filed a pro se petition for a writ of habeas corpus[1] challenging his recent parole revocation. Having reviewed the matter, the Court finds that Petitioner has not exhausted his claims in the state courts before seeking habeas review in federal court.

---

[1] Although Petitioner cites Michigan Court Rule 3.303 as the basis for his petition, the exclusive remedy for a state prisoner seeking federal habeas relief is 28 U.S.C. § 2254. *See Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006) ("numerous federal decisions . . . support the view that all petitions filed on behalf of persons in custody pursuant to state court judgments are filed under section 2254" and are subject to the AEDPA); *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) (when a state prisoner seeks habeas relief, but does not challenge a state court conviction or sentence, the requirements of § 2254 apply no matter what statutory label is used because the detention arises from a state court process).

Accordingly, the Court is dismissing the petition without prejudice. The Court also is denying Petitioner a certificate of appealability and leave to proceed in forma pauperis on appeal.

## II. DISCUSSION

Petitioner challenges the revocation of his parole. Petitioner states that, after a parole revocation hearing on November 21, 2019, he was found guilty of two parole violations for not properly registering under the Michigan Sex Offender Registry. In the petition, Petitioner challenges the validity of his arrest on the parole violation charges, asserts that the sex offender registration law is being applied retroactively to him, and alleges a radical jurisdictional defect and a violation of due process. Petitioner does not indicate that he has pursued any relief in the Michigan courts.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). After undertaking the

review required by Rule 4, the Court concludes that the habeas petition must be dismissed without prejudice.

A prisoner filing a habeas petition under 28 U.S.C. § 2254 must first exhaust state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); 28 U.S.C. § 2254(b), (c). This holds true for habeas petitions challenging state parole revocation decisions. *See Sneed v. Donahue*, 993 F.2d 1239, 1241 (6th Cir. 1993) (noting that petitioner exhausted state remedies before bringing habeas action challenging parole revocation); *Brewer v. Dahlberg*, 942 F.2d 328, 337-39 (6th Cir. 1991) (dismissing challenge to state parole revocation where state remedies seemed to be available); *Range v. Brewer*, No. 2:17-CV-11242, 2017 WL 1549754, *2 (E.D. Mich. May 1, 2017) (citing cases); *accord Brown v. Jackson*, No. 1:17-cv-571, 2017 WL 3140902, *3 (W.D. Mich. July 25, 2017).

To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have raised both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must be presented as federal constitutional

3

issues.  *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).   For a Michigan prisoner, each claim must also be raised before the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.  *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)).   While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust available state remedies before seeking federal review.  *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987); *Wagner*, 581 F.3d at 415 (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)).   The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.

Petitioner neither alleges nor establishes that he exhausted his parole revocation claims in the state courts before proceeding on habeas review in federal court.  His pleadings do not reflect any attempt to exhaust state court remedies.  Petitioner, however, has available remedies by which to exhaust his parole revocation claims in the state courts.  Michigan's Administrative Procedures Act, Mich. Comp. Laws § 24.201 *et seq.*, provides an inmate whose parole has been revoked with the right to seek judicial review of the Parole Board's decision in the state circuit court.  *Penn v. Department of Corr.*, 532, 298 N.W.2d 756 (Mich. Ct. App. 1980).  This must be done within 60 days of the parole revocation.  The circuit court decision is appealable in the Michigan Court of Appeals and the

4

Michigan Supreme Court. Mich. Ct. R. 7.205, 7.302. Petitioner may also file a complaint for a writ of habeas corpus in the appropriate state circuit court. *See* Mich. Comp. Laws § 600.4301 et seq., Mich. Ct. R. 3.303; *Hinton v. Michigan Parole Bd.*, 383 N.W.2d 626 (Mich. Ct. App. 1986); *Triplett v. Deputy Warden*, 371 N.W.2d 862 (Mich. Ct. App. 1985); *see also Caley v. Hudson*, 759 F. Supp. 378, 380-81 (E.D. Mich. 1991). While the denial of such a writ is not appealable by right, the petition may be renewed by filing an original complaint for writ of habeas corpus with the Michigan Court of Appeals. *Id.* The Michigan Court of Appeals' denial of such a complaint is subject to review by the Michigan Supreme Court. Mich. Ct. R. 7.301. There is no time limit for filing a state habeas complaint as long as the petitioner is in custody when the judgment becomes effective. *Triplett*, 142 Mich. App. at 779.

Because Petitioner fails to show that he exhausted available state court remedies before seeking federal habeas review, his habeas claims are premature and this case must be dismissed.

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner fails to establish that he exhausted his habeas claims in the state courts before proceeding on federal habeas review. Accordingly, the Court is dismissing his petition without prejudice. The Court makes no determination as to the merits of Petitioner's

5

claims.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if the petitioner makes a "substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a federal district court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. The Court is therefore denying Petitioner a certificate of appealability.

An appeal from this decision would be frivolous and cannot be taken in good faith. Therefore, the Court also is denying Petitioner leave to proceed in forma pauperis on appeal. *See* Fed. R. App. P. 24(a).

Accordingly,

**IT IS ORDERED** that Petitioner's application for the writ of habeas corpus is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner is denied a certificate of

appealability and leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**

Dated: December 12, 2019

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE